Territorial Law Library

IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,                )      CRIMINAL CASE NO. CM471-11
                              )
         vs.                   )
                              )      **DECISION AND ORDER**
SICKSON TONAW,                 )
                              )
                 Defendant.)
_____

In the interest of judicial economy and after reviewing the filed documents, the Honorable ELIZABETH BARRETT-ANDERSON will not set the Motion to Dismiss for another hearing[1] pursuant to CVR 7.1(e)(1), but will decide based on the written materials. Furthermore, the Court is hereby DISMISSING the case against Defendant.

People concede that as the Complaint was filed on April 15, 2011 and the Summons issued a first arraignment hearing sixty-eight (68) days later for June 22, 2011, and based on the Court's other decisions discussing this same situation and *People v. Rasauo*, 2011 Guam 14, the case should be dismissed. *See e.g. People v. Hill*, CM1068-11 (Super. Ct. Guam Mar. 8, 2012).

The Court must determine if the dismissal should be with or without prejudice. The Court is persuaded by the People's argument that the dismissal should be without prejudice. Guam's Supreme Court declined to hold that all violations of the 60 day rule requires a dismissal with prejudice. *Rasauo*, 2011 Guam 14 ¶ 16("The issue of whether or not the case should be dismissed with or without prejudice should be decided in the first instance by the trial court."). This is in contrast to other criminal cases Guam's Supreme Court has addressed, where the case was dismissed with prejudice based upon a finding that there was a statutory bar to re-prosecution of the defendants in those cases. *People v. Villapondo*, 1999 Guam 31; *People v. Palomo*, 1998 Guam 12. The People correctly assert that in this circumstance, there is not a statutory bar to re-prosecution, instead the 60 day rule is explicitly dependent on statutory interpretation. *Rasauo*, 2011 Guam 14 ¶ 13; *People v. Stephen*, 2009 Guam 8 ¶¶ 35-36.

---

[1] On December 12, 2011 Defendant represented that a motion to dismiss based on *People v. Rasauo* was filed and the Court set a hearing for February 23, 2012 at 9:00 a.m. for the motion; however, the motion was never filed with the Court. The Court reset the motion hearing for 2:00 p.m. of February 23, 2012, and sent a notice of the hearing on January 6, 2012, yet the Defendant still failed to file anything. Defendant's Motion to Dismiss was received by the Court on February 24, 2012. The received motion is untimely and the Court cautions Defense counsel to not waste the Court's time in a similar fashion in the future.

Therefore, the Court considers "a showing of prejudice or any other factors" to determine if dismissal with prejudice is appropriate. *Palomo*, 1998 Guam 12 n.8(quoted by *Villapondo*, 1999 Guam 31 ¶ 52). *Cf.* 18 U.S.C. § 3162(a)(2). Defendant does not make a showing of prejudice, rather argues that dismissal without prejudice renders the meaning of Rasauo meaningless if the People can re-indict him in the future. *But see Stephen*, 2009 Guam 8 ¶ 11. Therefore, as there is not a showing of prejudice, the Court will look at other factors used to determine if dismissal with prejudice is required here.

"Dismissal of an indictment is a disfavored remedy. ... Indictments are rarely dismissed for alleged government misconduct which occurs outside the Complaint process because such misconduct must be "grossly shocking and so outrageous as to violate the universal sense of justice."" *People v. Marada*, 1995 WL 604365, *1 (D. Guam App. Div. Sep. 18, 1995)(internal citations omitted). *See also Stephens*, 2009 Guam 8 ¶ 21(discussing dismissal for unnecessary delay should occur "only in extreme circumstances"); *People v. Gutierrez*, 2005 Guam 19 ¶¶ 61-70(discussing dismissal based on finding the People acted in bad faith). In this case, there is no alleged government misconduct or bad faith on the part of the People[2]. Instead, there is a violation of the 60 day rule, which was recently announced in *Rasauo II*, which requires dismissal, but not necessarily dismissal with prejudice.

Additionally, dismissal with prejudice is sometimes used by Courts to send a strong message to prosecutors who have consistently violated defendants' rights and force them to reduce pretrial delays in general. *U.S. v. Perez*, 2011 WL 2294194, *3 (D. Ct. Guam Jun. 8, 2011). *Stephens*, 2009 Guam 8 ¶ 21("If a court is to apply the harsh rule of dismissing a criminal case with prejudice... it must either establish local rules ... or warn the prosecution that further delay could jeopardize the case."). However, the violation of a defendant's prompt arraignment right is not an issue this Court has been asked to address in relation to arraignments that occurred after *Rasauo II* was issued. Instead, this Court is merely addressing motions to dismiss based on delays that occurred before the 60 day rule was announced, leading this Court to believe that the People do not require a strong message from this Court to ensure that they are

---

[2] All of the procedural facts of this case occurred before the promulgation of *Rasauo II*, therefore, there can be no finding that the People intentionally violated the 60 day rule.

now respecting a defendant's right to prompt arraignment. This factor weighs in favor of dismissal without prejudice.

Further, in this circumstance, dismissal without prejudice can not be seen as condoning the People's behavior, because neither the People nor the Court were aware of the 60 day rule at the time of the delay of the Defendant's prompt arraignment. *Id.* This factor weighs in favor of dismissal without prejudice.

In this scenario, Defendant's constitutional rights are not implicated, thus the Court should weigh the violation of Defendant's right to a prompt arraignment with the competing interest "of society to be secure from crime through the regular enforcement of the criminal laws." *Gutierrez*, 2005 Guam 19 ¶ 68(internal citation and quotation omitted). Upon balancing these factors as well as taking into consideration of lack of showing of prejudice the Court determines that dismissal without prejudice is most appropriate.

In conclusion, the days between the filing of the Complaint and Defendant's first appearance and arraignment do violate the 60 day rule, and no good cause is shown. As indicated above, the days between Defendant's first appearance and Defendant's actual arraignment is not an unreasonable delay and is good cause. Nonetheless, since there is not good cause shown for the entire duration of the violation of the 60 day rule, Defendant's Motion is GRANTED in part. *Rasauo*, 2011 Guam 14 ¶ 16. The Court finds that Defendant was not promptly arraigned pursuant to 8 GCA § 60.10(a); therefore, the Court is DISMISSING this case without prejudice.

**IT IS SO ORDERED** this 9 of March, 2012.

_[signature]_

**HONORABLE ELIZABETH BARRETT- ANDERSON**
Judge, Superior Court of Guam

MAR 0 9 2012